Phillips, &c., vs. Ronald, &c.

CASE 75—PETITION ORDINARY—FEBRUARY 11.

# Phillips, &c., vs. Ronald, &c.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. By failing and refusing to make a reasonable attempt to execute a writ of arrest that night, which was placed in his hand about early gas-lighting, in the city of Louisville, and being admonished that the absconding debtor was at some of the hotels in said city, and that next morning would be too late to execute it—said absconding debtor having remained that night at the Planters' Hotel, in said city, and crossed over to Indiana at three o'clock next morning and escaped—the sheriff was guilty of gross negligence and disregard of official duty.

2. For want of proper and reasonable diligence in failing to execute a writ of arrest, the sheriff and his sureties in his bond are liable, at all events, to nominal damages; and if loss accrued by the non-exercise of such diligence and discharge of official duty by the sheriff, and a reasonable discharge of duty would have secured plaintiff's debt, or any part of it, the damages would be increased accordingly: the measure of damages being the probable loss sustained by the plaintiffs.

3. A sheriff having a writ of arrest for the purpose of executing it, at any time, whether night or day, is authorized by section 746 of the Civil Code to break into any house or inclosure, first having given the proper notice, &c., as required in said section.

JEFF. BROWN and
ANDY BARNETT,                              For Appellants,

CITED—

*Revised Statutes, chap.* 91, *art.* 1, *secs.* 31–2–3.
*Civil Code, secs.* 201, 202.
14 *B. M.*, 22 ; *Ashby vs. Gill.*
3 *Met.*, 44 ; *Pierce vs. Patridge.*
9 *Miss.*, 41 ; *Douglas vs. Baker.*
9 *Miss.*, 794 ; *State vs. Hamilton.*
18 *Vat.*, 227 ; *Goodrich vs. Starr.*
4 *Sneed*, 577 ; *McKinney vs. Craig.*

O. F. Stirman,                                    For Appellees,

CITED—

*Civil Code, sec.* 72.

14 *B. M.,* 22 ; *Ashby vs. Gill.*

1 *Tenn. R.,* 191 ; *Robertson vs. Douglas.*

*Dalton on Sheriffs, p.* 116 ; 1 *Bing.,* 66.

24 *Maine R.,* 158 ; *Wright vs. Keith.*

1 *Mus. & Welsby,* 713 ; *Brown vs. Jarvis.*

JUDGE WILLIAMS delivered the opinion of the court:

Appellants having a debt of nine hundred and eighty dollars and forty cents upon Samuel Wilson, who was absconding from Marion county, followed him to Louisville, and sued out of the Jefferson court of common pleas a writ of arrest about nightfall, on January 15, 1866, and had it placed in the hands of W. A. Ronald, the sheriff, about early gas-lighting, who not only failed, but refused, to attempt to execute it that night.

Wilson was then at the Planters' Hotel, but a short distance from where Ronald lived. The detective who had been employed by Phillips to find and have Wilson arrested admonished Ronald that Wilson was at some of the hotels·in the city ; that he was absconding, and that next morning would be too late to execute it, and asked that Ronald appoint him special bailiff to execute the writ, or that he, or some of his deputies, go to execute it that night; but Ronald refused to do either, asserting that he was not compelled to execute the process at night, and that he would attend to it next morning. Wilson, however, left the hotel next morning at three o'clock, crossed over to New Albany, Indiana, and has not since been in Kentucky so far as is known.

On the same day Mr. Legross, at the instance of Morgan, went over to New Albany, and there received from

Wilson a check drawn by the Louisville and Nashville Railroad Company for seventeen hundred dollars, payable to Wilson & McClelland, on Hunt, Morton & Quigley, bankers in Louisville, and cashed it, returned the money to Wilson, who paid Morgan one hundred dollars due from him, and fifty dollars of which Morgan paid to Legross, as due him on previous indebtedness.

Wilson & McClelland had previously jointly undertaken certain construction work on the Knoxville Extension of the Lebanon Branch of said Louisville and Nashville Railroad, but had dissolved partnership, and Wilson had continued the execution of the contract, and had done the work for which this requisition was due, though the road company had not recognized the dissolution, therefore drew the order in the firm name.

Wilson's property on the road was attached and sold, but did not liquidate the attachment claims, and he having no other property in the State known to the parties, the debt of plaintiffs may be considered as lost or worthless.

On this state of facts, the court, upon the trial of this suit against the sheriff and his securities on his official bond, for failing to execute the process, instructed the jury as in case of nonsuit; and they having found for defendants, and judgment being rendered thereon, plaintiffs seek a reversal.

By section 744, Civil Code, it is provided, that "the sheriff shall indorse upon every summons, *order of arrest*, or for the delivery of property, or of attachment or injunction, in his hands, *the day and hour it was received*."

And, by section 746, "a sheriff having an order of arrest *may enter any house or inclosure in which the* party to be arrested may be, to arrest him; and, *if necessary for this purpose, may break the house or inclosure*, after having informed any person therein of his object," &c.

Whatever, therefore, may have been the common law as to breaking into dwelling-houses in the night-time to execute process, this statutory provision must be regarded as full authority to the officer having a writ of arrest, for the purposes of executing it at any time, whether night or day, to break into *any house* or *inclosure*, first having given the proper notice of the writ and his purpose to execute it.

Nor does the statute exempt the officer from the due and reasonable discharge of the duties of his office after nightfall; for often, in this class of cases, the writ can only be executed during the hours of night. A reasonable discharge of the duties of the office *at all times*, and *during all hours*, is a responsibility attached to the office; and he who takes upon himself the discharge of its duties, voluntarily assumes its responsibilities; and as said by this court, in *Commonwealth for Ashby vs. Gill* (14 *B. Mon.*, 22,) "he is to act, in each case, honestly and diligently, but with due regard to his duties to all litigants and to the public."

There certainly could be nothing unreasonable in requesting and demanding of a sheriff, living in a city, that he should attempt to arrest an absconding debtor at such an early hour of the night, and especially when he is admonished that the absconder is at some of the hotels, and will depart before morning. To attempt the arrest under such circumstances would have been only reasonable and ordinary diligence; the refusal to do so was gross negligence and disregard of official duties. The measure of damages in such case is the probable loss sustained by the plaintiffs, by the want of proper diligence in the officer. If the jury should find that the execution of the writ, under the circumstances and facts of this case, would have secured the plaintiffs' debt, or

any part of it, they should find to that extent for them; but if they should believe that its execution would not have secured the debt, or any part of it, then the damages would be merely nominal; but if there was want of proper and reasonable diligence by the sheriff to execute this writ, plaintiffs are, at all events, entitled to nominal damages; and if loss occurred to them by the non-exercise of such diligence and discharge of official duty by the sheriff, and that a reasonable discharge of duty would have secured their debt, or any part of it, their damages would be increased accordingly.

The instruction of the court was erroneous; hence the judgment is reversed, with directions for a new trial, and further proceedings in accordance herewith.

It was not essential to the maintenance of this suit that the suit of *Phillips vs. Wilson* should have been dismissed. The process therein remains unexecuted, and though pending, the suit is wholly unavailing, and will probably so remain.